# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **Carl Lee Bright,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:05-CV-264 |
| | ) Phillips/Guyton |
| **Monroe County Sheriff's Department, Mike Morgan, and Jeb Brown,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Currently pending before the Court is a motion by defendants, Monroe County Sheriff's Department, Jeb Brown, and Mike Morgan, to dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 9]. Specifically, the defendants claim that the plaintiff's complaint is mostly unintelligible and that the plaintiff does not identify the time, place, or what actions each of the defendants did or did not do to break the law. Moreover, the defendants state that because plaintiff's action can be read only as an official capacity action, municipal standards must be met. Defendants assert that the plaintiff has not met these standards.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

1

relief.  *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).  The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations.  *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses).  The Court must liberally construe the complaint in favor of the party opposing the motion.  *Id.*  However, the complaint must articulate more than a bare assertion of legal conclusions.  *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988).  "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (citations omitted).

With respect to *pro se* litigants, as set forth in *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), *pro se* complaints are to be liberally construed.  A complaint's allegations, however inartfully plead, that are sufficient to call for the opportunity to offer supporting evidence, should not be dismissed for failure to state a claim.  *Id.*  Moreover, district courts have allowed ample opportunity for amending the complaint when it appears that a *pro se* litigant would be able to state a meritorious claim.  *See Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *McCallum v. Gilless*, 38 Fed.Appx. 213, 216 (6th Cir. 2002).

In review of the complaint and plaintiff's response to the Court's order to show cause, the plaintiff states that he was wrongfully charged for criminal offenses; that his rights were violated by the defendants, including the wrongful charges and excessive jail

time; and that he suffered damages.  The Court cannot say that the plaintiff cannot prove a set of facts in support of his claims that would entitle him to relief at this time.  Therefore, the Court finds that the plaintiff has stated a claim for relief in his compliant, and defendants' motion to dismiss [Doc. 9] is denied.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge