UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CARL LEE BRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:05-CV-264 |
| | ) | (VARLAN/GUYTON) |
| MONROE COUNTY SHERIFF'S DEPARTMENT, JEB BROWN, and MIKE MORGAN, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendants' Motion for Summary Judgment [Doc. 26]. Plaintiff has not responded and time for doing so has now passed. Thus, this matter is ripe for determination. The Court has carefully considered the pending motion, along with the relevant affidavits and other filings. For the reasons set forth herein, defendants' motion for summary judgment [Doc. 26] will be GRANTED and all claims against defendants will be dismissed.

**I.    Relevant Facts**

As the Court is required to do in reviewing a motion for summary judgment, all facts will be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On May 25, 2004, Judge Carroll R. Ross found probable cause that Clifton G. Bright, plaintiff's father, was committing theft of a motor vehicle on the property identified in the

proof submitted by Detective Michael Morgan, one of the defendants in this case. [Doc. 28-3.] Accordingly, Judge Ross issued a search warrant. [*Id.*] The search warrant states:

> You are hereby commanded in the name of the State to make immediate search by day or night of the person of [Clifton G. Bright] and of the property located in Monroe County, Tennessee and described as follows: 645 White Plains Road Madisonville, Tennessee. From the intersection of 411 North and Hwy. 360 turn Right onto Hwy. 360. Travel approximately 7 miles on Hwy. 360 to Citico Road. County Road #(455). Travel straight on Citico Road for approximately 2.2 miles to White Plains Road, County Road # (493). Turn right onto White Plains Road. Travel approximately .6 miles to the mailbox marked 645. The residence is identified as a single wide trailer, white in color with brown trim as described in paragraph three (3). Three (3) photographs of the residence accompanies this affidavit as exhibit one. And if you find the same, take charge of the same and bring it forthwith before me, then deliver such vehicles or other items contained in paragraph two (2) of affidavit, to the Sheriff of this County, and make due return of your actions in the premises.

[*Id.*] The affidavit attached to the search warrant lists the address of the premises to be searched as 645 White Plains Road, Vonore, Tennessee rather than 645 White Plains Road, Madisonville, Tennessee as stated in the warrant. [Doc. 28-2.] Plaintiff alleges in his complaint that the search warrant was executed at 755 White Plains Road rather than 645 White Plains Road. [Doc. 1.] Defendants concede that the searched property is located in Vonore and not Madisonville. [*See* Doc. 29.]

On or about May 25, 2004, Plaintiff's property on White Plains Road in Vonore, Tennessee was searched pursuant to the search warrant issued by Judge Ross. [Doc. 28.] Detective Morgan was physically present during the execution of the search warrant and observed vehicles that were cut up, vehicle identification number plates that were missing from vehicles, tools commonly used to cut up vehicles, and methamphetamine-producing equipment. [Doc. 32.] Plaintiff, Carl Lee Bright, was on the premises at the time of the

2

search. [*Id.*] It appeared to Detective Morgan that plaintiff had been living on the property for some period of time and had slept there for at least the previous night. [*Id.*] As a direct result of this search, plaintiff was arrested. [Doc. 29.] The charges filed against plaintiff as a result of this arrest were ultimately dismissed. [*Id.*]

II.     **Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* To defeat a motion for summary judgment, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the

opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### III. Analysis

As an initial matter, the Court notes that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). After liberal review of all of plaintiff's filings, the Court finds that plaintiff states claims for unlawful search, false arrest, false imprisonment, and defamation.

#### A. Unlawful Search

Plaintiff states that the search warrant officers executed in connection with his arrest permitted the search of 645 White Plains Road but was executed at 755 White Plains Road. [Doc. 1.] Defendants also note that the search warrant listed the city as Madisonville, Tennessee but that the correct city is Vonore, Tennessee. [Doc. 29.] Construing this allegation liberally, the Court understands plaintiff to be alleging that there was no valid search warrant for the premises searched.

The Fourth Amendment requires that a search warrant describe with particularity the place to be searched. U.S. Const. amend. IV. However, descriptive errors do not automatically violate this rule. *United States v. Durk*, 149 F.3d 464, 465 (6th Cir. 1998).

> The test for determining whether a search warrant describes the premises to be searched with sufficient particularity is not whether the description is technically accurate in every detail, but rather whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched . . . . Courts routinely have upheld warrants, such as the one at issue, where one part of the description of the premises to be searched is inaccurate, but the description has other parts which identify the place with particularity.

*Id.* at 465-66 (citations and internal quotations omitted). In *Durk*, the house number was listed in the warrant as 4612 while the actual house number is 4216 and the warrant described the house as being located three houses east of Grandview when the house is actually three houses west of Grandview. *Id.* at 464-65. The *Durk* court noted that these two technical deficiencies in the search warrant in that case did not render the search unlawful because the inaccuracies would not lead to the mistaken search of another premises. *Id.* at 466. Factors the court considered in reaching this conclusion include that the executing officer was also the affiant who had been to the premises previously and the affidavit incorporated into the search warrant accurately named the home's occupants. *Id.*

In this case, there were two factual inaccuracies in the search warrant: the house number and the city. Despite these inaccuracies, the warrant included detailed, accurate directions to the property and had photographs of the property attached to it. [Docs. 28-2; 28-3.] Additionally, the affiant, Detective Morgan, who was familiar with the location of and

5

the route to the trailer and property, personally participated in the execution of the warrant. [Doc. 28.] Accordingly, the technical mistakes in the warrant were not such that they would lead to a mistaken search of the wrong place. The Court finds that based upon these circumstances, the place to be searched was identified with particularity and, therefore, the search was lawful under the Fourth Amendment.

### B. False Arrest

Plaintiff summarily alleges "false arrest." [Docs. 1; 2.] Under the Fourth Amendment, an officer must have probable cause to legally arrest a person suspected of committing a crime. U.S. Const. amend. IV. Probable cause is also required under Tennessee law. *See Hudson v. Pickering*, No. 89-135-II, 1989 WL 134748, at *1 (Tenn. Ct. App. Nov. 8, 1989). Probable cause necessary to justify an arrest exists when, based upon the facts and circumstances within the officer's knowledge at the moment of the arrest, a prudent man would conclude that the arrestee had committed or was committing a criminal offense. *Wilson v. Morgan*, 477 F.3d 326 (6th Cir. 2007) (citations omitted). The fact the arrestee is later found innocent has no affect on whether probable cause existed at the time of the arrest. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citing Restatement (Second) Torts § 121 (1965)). Though "an individual's mere presence at a crime scene does not constitute probable cause for an arrest," *Harris v. Bornhorst*, 513 F.3d 503, 515 (6th Cir. 2008) (citations omitted), officers have probable cause to arrest an individual who they reasonably believe is aware of the presence of contraband in the immediate area in which he is apprehended. *See Criss v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988).

Defendants searched the property where plaintiff was apprehended pursuant to a valid search warrant. The officers found plaintiff on the property along with evidence of illegal activity in the immediate area. Specifically, Detective Morgan observed vehicles that were cut up, vehicle identification number plates that were missing from vehicles, and tools commonly used to cut up vehicles. [Doc. 32.] Detective Morgan identified these objects as indicative of a chop shop operation. [*Id.*] Detective Morgan also observed methamphetamine-producing equipment. [*Id.*] It appeared to Detective Morgan that plaintiff had been living on the property for some period of time and had slept there for at least the previous night. [*Id.*] Based upon plaintiff's extended presence on the searched property and his close physical proximity to evidence of illegal activity, Detective Morgan determined that probable cause existed to support plaintiff's arrest. [*Id.*] From circumstances surrounding plaintiff's arrest, the Court finds that the officers had probable cause for his arrest and thus defendants' claim for false arrest fails.

### C. False Imprisonment

Construing plaintiff's allegations liberally, he alleges a claim for false imprisonment under Tennessee law on the basis that he was "locked up in jail for 7 days" pursuant to a "false search warrant" and "false charges," and that defendants should have to "pay for [his] time in jail." [Docs. 1; 2.] False imprisonment under Tennessee law is defined as intentional restraint or detention without just cause. *Newsom v. Thalhimer Bros., Inc.*, 901 S.W.2d 365, 367 (Tenn. Ct. App. 1994) (citation omitted). A claim for false imprisonment requires a showing that there was (1) restraint of a person against his will and (2) the restraint was

7

unlawful. *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 659 (Tenn. 1990) (citations omitted). For a court to find that a restraint was unlawful, it must find that plaintiff was detained without probable cause. *Brown v. SCOA Indus., Inc.*, 741 S.W.2d 916, 920 (Tenn. Ct. App. 1987); *see also Massey v. Hess*, No. 1:05-CV-249, 2007 WL 2725890, at *15 (E.D. Tenn. Sept. 17, 2007). As discussed above, there was probable cause to support plaintiff's arrest and therefore, the restraint was lawful and plaintiff was not falsely imprisoned.

**D.    Defamation**

Plaintiff states a claim for defamation apparently on the grounds that, "Now 2 ½ year's [sic] later my name and the charge's [sic] are still in Dailey [sic] New's Express Paper with no mentions of the dismissal." [Doc. 13.] Despite plaintiff's use of the term "slander," because plaintiff relies on written statements, the Court will construe his claim as one for libel.[1]

"Libel and slander are both forms of defamation; libel being written defamation and slander being spoken defamation." *Hibdon v. Grabowski*, 195 S.W.3d 48, 58 (Tenn. Ct. App. 2005). A claim for either form of defamation requires a showing that (1) a defendant published a statement; (2) with knowledge that the statement was false and defaming to plaintiff; or (3) with reckless disregard for the truth or with negligence in failing to ascertain

---

[1] Defendants argue that plaintiff's slander claim should be dismissed due to the statute of limitations. While defendants are correct that the statute of limitations for slander is six months, the statute of limitations for libel is one year. *See* Tenn. Code Ann. §§ 28-3-103; 28-3-104. Because plaintiff filed his complaint within one year of the date of his arrest, and he is alleging written defamation which occurred over two years after his arrest, the Court does not find that this claim is time barred.

8

the truth. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999) (citations omitted). The publication element means communication of the statement to a third party. *Id.* at 571-72. The statement must result in injury to the plaintiff's character or reputation to be considered defamatory. *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn. 1994).

Even giving plaintiff's claim liberal construction, the Court cannot find that plaintiff has alleged that any defendant made a statement with knowledge that the statement was false, with reckless disregard for the truth, or with negligence in failing to ascertain the truth. Plaintiff simply alleges that his name and the charges against him appeared in the newspaper without stating that the charges were dismissed. Plaintiff did not allege that any of the defendants were responsible for publishing his name and charges in the newspaper. Additionally, plaintiff was charged with crimes related to his May 25, 2004 arrest, thus, the statement about those charges was not false. Plaintiff has not alleged any other statement to support his defamation claim. Because plaintiff has not alleged publication of a false statement, plaintiff's claim for defamation must fail.

### E. Qualified Immunity

To the extent that any of the defendants have been sued in their individual capacities, defendants assert the affirmative defense of qualified immunity for plaintiff's claims under the Fourth Amendment. It is unclear to the Court whether plaintiff intended to sue Jeb Brown and Mike Morgan in their official or individual capacities. Because the Court has determined that all defendants are entitled to judgment as a matter of law on all of plaintiff's

9

claims, it will not determine whether Jeb Brown and Mike Morgan were sued in their individual capacities or whether any individual defendants are entitled to qualified immunity.

## IV. Conclusion

For the reasons set forth herein, the Court finds that on the undisputed facts, defendants are entitled to judgment as a matter of law.  Accordingly, defendants' Motion for Summary Judgment [Doc. 26] will be **GRANTED** and all claims against defendants will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE